ALMA H. SHORE v. E. S. SHORE, JR.

No. 7210DC485

(Filed 23 August 1972)

1. **Appeal and Error § 57— failure to include evidence in record — review of findings of fact**

   Upon denial of defendant's motion to modify an award of alimony made to plaintiff, the court on appeal will not disturb the trial court's findings of fact or conclusions of law where the record on appeal does not show what evidence, if any, was presented by defendant to the trial court in support of his motion.

2. **Divorce and Alimony § 20— payment of counsel fees — effect of absolute divorce on rights of dependent spouse**

   Unless the case falls within one of two exceptions provided by statute, counsel fees may be awarded for services rendered to a dependent spouse subsequent to an absolute divorce in seeking to obtain or in resisting a motion for a revision of alimony or other rights provided under any judgment or decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce. G.S. 50-11.

APPEAL by defendant from *Winborne, District Judge*, 14 January 1972 Session of District Court held in WAKE County.

Plaintiff, formerly the wife of defendant, instituted this action in the Superior Court of Wake County on 4 November 1960 seeking alimony without divorce and support for a minor

child. On 10 August 1961 Judge C. W. Hall entered an order directing defendant to pay plaintiff, during her lifetime or until she remarries, the sum of $125.00 on the first and fifteenth day of each calendar month, and further directing that he pay her $25.00 on the same dates for the support of a minor child, then age 14, until such child should become 21 years old. Thereafter, on motion of defendant to modify the order of Judge Hall, the matter came on for a further hearing and was heard by Judge Hamilton H. Hobgood, who entered an order on 17 February 1964 containing the following:

"IT IS NOW, THEREFORE, ORDERED BY THE COURT, that the said order of Judge C. W. Hall, is hereby modified to the extent that in lieu of the payments therein provided, defendant, E. S. Shore, Jr., shall pay to the plaintiff, Mrs. Alma H. Shore, the sum of $138.47 commencing on Friday, February 21, 1964, and a like sum of $138.47 on each and every other Friday thereafter, until the further orders of this court."

On 22 December 1971 defendant filed a motion seeking an order terminating his obligation to make further payments to plaintiff, alleging change of circumstances occurring since the date of Judge Hobgood's order. The cause having been transferred to the district court, on 14 January 1972 defendant's motion came on for hearing before District Judge Winborne, who on 3 February 1972 entered an order in which the court found as facts that "no evidence was presented to the court as to the defendant's circumstances as of the date of Judge Hobgood's order" or "as to the defendant's present circumstances, other than evidence to the effect that the defendant recently was relieved judicially of the obligation to support and maintain his present wife, whom he married in 1961, and separated from in March, 1971"; that "the plaintiff's present obligations regarding monthly necessities have increased since the date of Judge Hobgood's order," and that "the plaintiff presently is more dependent upon the defendant for support and maintenance than she was as of the date of Judge Hobgood's order." Upon these findings the court concluded as a matter of law that defendant had failed to show a substantial change of circumstances between the date of Judge Hobgood's order of 17 February 1964 and the date of the hearing on defendant's motion, and ordered defendant to pay plaintiff $138.47 "on each and every other Friday" in accordance with Judge

Shore v. Shore

Hobgood's order, until further orders of the court. Judge Winborne's order also contained findings as to services rendered by plaintiff's attorney in connection with the hearings on defendant's motion, and directed defendant to pay $500.00 to plaintiff's attorney, which amount the court determined to be a reasonable fee.

From this order, defendant appealed.

*Carlos W. Murray, Jr., for plaintiff appellee.*

*Allen Langston for defendant appellant.*

PARKER, Judge.

An order of a court of this State for alimony or alimony pendente lite may be modified or vacated upon motion in the cause and a showing of changed circumstances by either party. G.S. 50-16.9(a). However, "[t]he burden of proving, by a preponderance of the evidence, that a material change in the circumstances has occurred is upon the party requesting the modification." 2 Lee, North Carolina Family Law 3d, § 153, p. 230.

[1] The record on appeal in the present case does not show what evidence, if any, was presented by appellant to the trial court in support of his motion. The record does contain a copy of the unverified motion signed by appellant's attorney, in which certain factual statements were made, but "[t]he unverified motion did not prove the matters alleged therein and is not evidence thereof." *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 181 S.E. 2d 794. When, as here, the evidence is not in the record, it will be presumed that there was sufficient evidence to support the findings of fact necessary to support the judgment. *In re Sale of Land of Warrick,* 1 N.C. App. 387, 161 S.E. 2d 630. Accordingly, appellant's assignments of error directed to the trial court's findings of fact or failure to find facts are overruled and the trial court's conclusion that the defendant failed, as a matter of law, to show a substantial change in circumstances will not be disturbed on this appeal.

Defendant contends that the language in Judge Winborne's order directing him to make payments "on each and every other Friday" is ambiguous. Judge Winborne's order, however, went further and specified that such payments be made "in accordance with Judge Hobgood's order of February 17, 1964." For

many years defendant apparently experienced no difficulty in understanding that order and we perceive no reason why he cannot continue to do so. Appellant's assignments of error directed to that portion of the order appealed from which directs defendant to continue to make the payments to plaintiff in accordance with Judge Hobgood's order are overruled.

[2]   Finally, defendant contends there was error in that portion of the order appealed from which directed defendant to pay the fee of plaintiff's attorney for services rendered to the plaintiff in resisting defendant's motion. In the order appealed from Judge Winborne found as a fact that defendant married his present wife in 1961. From this it would appear that the marriage of plaintiff and defendant must have been dissolved by absolute divorce at that time, though the record before us on this appeal does not disclose which party instituted the action in which the absolute divorce was granted, the grounds upon which the decree in that action was based, or in what jurisdiction or court the divorce was obtained. By G.S. 50-16.4 statutory authority is provided for an award of reasonable counsel fees for the benefit of a dependent spouse at any time such spouse would be entitled to alimony pendente lite, but we find no express statutory authorization for an order directing payment of such counsel fees for services rendered subsequent to an absolute divorce of the parties, nor has any controlling decision of our Supreme Court on this question been brought to our attention. Decisions of courts of other jurisdictions on this matter are in conflict. 24 Am. Jur. 2d, Divorce and Separation, § 587, p. 710; Annot.: Rights of former wife to counsel fees upon application after absolute divorce to increase or decrease alimony, 15 A.L.R. 2d, 1252. However, in 2 Lee, North Carolina Family Law 3d, § 153, p. 233, we find the following:

> "Since a court has continuing jurisdiction over its decrees for alimony or support, and most statutes expressly provide that they may be modified from time to time, it would seem that the court could properly allow counsel fees in prosecuting the wife's motion for a modification or in resisting the husband's or *ex-husband's* application for a reduction or vacation of the decree. *The proceeding is not the commencement of a new action. It is simply a motion in the cause of a matter which by the very terms of the statute is subject to modification.*" (Emphasis added.)

Further, in this State it is expressly provided by statute, G.S. 50-11(c), that except in certain designated instances, "a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce." The exceptions specified in the statute are (1) in case of divorce obtained with personal service upon grounds of the adultery of the dependent spouse and (2) in case of divorce obtained by the dependent spouse in an action initiated by such spouse on the ground of separation for the statutory period. Citing G.S. 50-11, our Supreme Court held in *Becker v. Becker,* 273 N.C. 65, 159 S.E. 2d 569, that plaintiff-wife in that case was not entitled to an award of attorney's fees for services rendered to her subsequent to the absolute divorce which had been obtained in an action initiated by her on the ground of separation for the statutory period. Thus that case fell directly within one of the exceptions specified in G.S. 50-11(c). In *Zande v. Zande,* 3 N.C. App. 149, 164 S.E. 2d 523, an allowance of attorney's fees for services rendered to the wife subsequent to an absolute divorce which had been obtained in an action instituted by the husband was held improper, but in that case the judgment which had been rendered in the wife's prior pending action for alimony without divorce expressly provided that no more attorney's fees for the plaintiff were to be paid by the defendant.

Applying G.S. 50-11(c), we are of the opinion, and so hold, that unless the case falls within one of the two exceptions made by that statute, counsel fees may be awarded for services rendered to a dependent spouse subsequent to an absolute divorce in seeking to obtain or in resisting a motion for a revision of alimony or other rights provided under any judgment or decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce. Whether any award of counsel fees for such services should be made in a particular case and the amount of such an award must, of course, remain within the sound discretion of the trial court. In the present case defendant, the former husband, by his own action in seeking to terminate entirely his obligation to make further payments to plaintiff, forced her to incur expenses for attorney's fees simply to preserve rights which were already hers as result of a decree originally entered prior to the divorce. In such a

case, we hold that the trial court had authority, in its sound discretion, to order defendant to pay plaintiff's reasonable counsel fees. Appellant failed to show that the divorce in this case was obtained in a manner which would bring this case within one of the two exceptions set forth in G.S. 50-11(c). Absent such a showing, appellant has failed to show error. The presumption being in favor of the correctness of the judgment of the lower court and the burden being upon appellant to show error, 1 Strong, N. C. Index 2d, Appeal and Error, § 46, p. 189, the order appealed from is

Affirmed.

Judges VAUGHN and GRAHAM concur.