HARRY M. CARPENTER v. KENAN CASTEEN CARPENTER

No. 7415DC976

(Filed 2 April 1975)

1. **Parent and Child § 7— child support after majority — contract of parent**

   A parent can by contract bind himself to support his child after emancipation and past majority.

2. **Divorce and Alimony § 23; Parent and Child § 7— separation agreement — child support and education after majority**

   Plaintiff's obligation undertaken in a separation agreement to make monthly support payments for the benefit of his children and to contribute toward their preparatory and college education expenses, with the amount of the support payments to be reduced "as each child completes his or her undergraduate college education," did not terminate by operation of law when each child became 18 years of age by reason of the enactment of G.S. Chap. 48A which lowered the age of majority from 21 to 18 years.

3. **Appeal and Error § 68— dismissal of appeal — law of the case**

   Court's order requiring plaintiff to continue to make support and educational payments for the benefit of his 18-year-old son became the law of the case upon the dismissal of plaintiff's appeal therefrom.

4. **Divorce and Alimony § 23; Parent and Child § 7— separation agreement — preparatory educational expenses — private school**

   Where plaintiff agreed in a separation agreement to contribute toward the preparatory educational expenses of his children in addition to making monthly support payments, a court order requiring plaintiff to provide funds for his children to attend private schools did not violate Article IX, Section 3 of the N. C. Constitution or the equal protection clause of the Fourteenth Amendment to the U. S. Constitution.

5. **Divorce and Alimony § 23— motion to reduce child support — failure to show substantial change of financial circumstances**

   Plaintiff physician failed to show a substantial change of circumstances in his earning capacity such as to entitle him to a reduction in the amount of his payments for support of his children where it tended to show that prior to September 1973 plaintiff received $7,000 per month for medical services rendered to three hospitals, that plaintiff's contracts with the hospitals terminated in September 1973, that plaintiff's income was $75,000 in 1972 and $52,000 in 1973, that plaintiff is engaged in private practice, and that his income for March, April and May 1974 was in excess of $15,000.

6. **Divorce and Alimony § 23— father's motion to reduce child support payments — attorney fees of mother**

   Where defendant's employment of counsel was necessitated by plaintiff's unilateral reduction of child support and educational pay-

ments and by his filing of a motion in the cause to reduce such payments, the court did not err in requiring plaintiff to pay a fee to defendant's attorney.

APPEAL by plaintiff from *Allen, Judge.* Order entered 24 June 1974 in District Court, ORANGE County. Heard in the Court of Appeals 11 February 1975.

Plaintiff and defendant, who were formerly husband and wife, had three children: David, born 18 March 1954; Laura, born 2 May 1956; and Margaret, born 1 August 1960. By separation agreement dated 22 January 1968 the parties agreed that defendant wife should have "the custody, care and control" of the three children and plaintiff husband agreed to make monthly payments to defendant for her support and for the support of the children. Thereafter this divorce action was instituted by plaintiff husband and on 22 May 1969 a decree of absolute divorce was entered. On the same date, and prior to entry of the divorce decree, the parties entered into a supplementary agreement by which they made certain amendments to the 22 January 1968 separation agreement. The court in entering the divorce decree inquired into and examined the separation agreement of 22 January 1968 and the supplementary agreement dated 22 May 1969 and approved the same in all respects.

By the separation agreement as amended by the supplementary agreement the husband agreed to pay to the wife, beginning with the month of June 1969, the sum of $1,400.00 per month, of which $500.00 per month was for her support and $900.00 per month was for the support and maintenance of the children. Paragraph 11(d) of the agreement as amended contained the following:

"That as each child completes his or her undergraduate college education (and if he or she is not enrolled in an undergraduate college reaches twenty-one or is emancipated) then the said payments are to be reduced by $275.00 per month for each of the first two children to which this becomes applicable and by $350.00 per month for the last child so involved."

The supplementary agreement of 22 May 1969 also added a new provision, paragraph 3A, to the contract, as follows:

"The party of the first part [the husband] recognizes the mutual obligation of the parents to provide for the

proper education of the children (both preparatory and college) and the party of the first part pledges to assist financially in the same in addition to the monthly payments herein provided."

In October 1971 defendant wife filed a motion in the cause to require plaintiff to make additional contributions toward the educational expenses of the children. After hearing on this motion, District Judge Horton entered an order dated 29 August 1972 in which the court ordered the plaintiff to pay, in addition to the monthly installments for support of the children, sixty percent of the cost of private preparatory education for the two daughters, Laura and Margaret and of college education for David. Plaintiff gave notice of appeal from this order, but his appeal was dismissed by the Court of Appeals for failure of plaintiff to comply with the Rules of Practice in the Court of Appeals and his petition for certiorari to the North Carolina Supreme Court was thereafter denied.

In September 1973 plaintiff filed a motion in the cause in which he alleged a change in his financial circumstances and asked for a reduction in the amounts he should be required to pay for the support and maintenance of the children. Following the filing of this motion in September 1973, plaintiff reduced the amount of the monthly payment which he thereafter made to defendant for her support and for the support of the three children from $1,400.00 per month to $600.00 per month. On 5 June 1974 plaintiff moved to amend his motion so as to allege as an additional ground for relief that his son, David, had become 18 years of age on 18 March 1972, and his daughter, Laura, had become 18 on 2 May 1974. In the amended motion plaintiff prayed that the court rule as a matter of law that as to these children he no longer had any obligation to furnish support. The District Court denied his motion to amend and, after a hearing at which plaintiff testified to changes in his income and financial circumstances, Judge Allen entered an order dated 24 June 1974 in which the court found that no substantial change in circumstances had occurred, found that plaintiff was still obligated and bound by the separation agreement and the supplementary agreement and by the previous order of the court, determined that plaintiff was in arrears, and ordered him to make good the arrearage and to continue to make the payments as provided in the separation agreements and as di-

rected in the earlier order of the court. From this order dated 24 June 1974 plaintiff appeals.

*Wilkinson & Vosburgh by James R. Vosburgh for plaintiff appellant.*

*Haywood, Denny & Miller by Egbert L. Haywood and George W. Miller, Jr. for defendant appellee.*

PARKER, Judge.

The question presented is whether the contractual obligations which plaintiff undertook when he entered into the separation agreement as amended on 22 May 1969 to make monthly support payments for the benefit of his children and to contribute toward their educational expenses terminated by operation of law as to each child becoming 18 years of age by reason of the enactment of G.S. Chap. 48A effective 5 July 1971 which lowered the age of majority from 21 to 18 years of age. We hold that they did not.

[1, 2]   A parent can by contract assume an obligation to his child greater than the law otherwise imposes, *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425 (1971), and by contract bind himself to support his child after emancipation and past majority. *Church v. Hancock,* 261 N.C. 764, 136 S.E. 2d 81 (1964). Such was the case here. By contract with the defendant, the plaintiff bound himself to make undiminished monthly support payments for his children, the amount of the payments to be reduced "as each child completes his or her undergraduate college education." So long as a child was engaged in that endeavor no limitation of age or time was imposed. Only in the event a child should not be enrolled in an undergraduate college was provision made for reduction in the monthly support payments as such child reached twenty-one or was emancipated. Clearly, the parties contemplated that a child might not complete his undergraduate education and might remain enrolled after becoming emancipated and that in such event plaintiff's obligation to make undiminished support payments would continue.

*Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972), cited and relied on by plaintiff, is distinguishable on its facts and is not here controlling. The consent order involved in that case by its own provisions imposed no obligation to furnish support beyond the date the child reached his majority or was otherwise

emancipated. See opinion of Morris, Judge, in *White v. White,* 25 N.C. App. 150, 212 S.E. 2d 511 (1975).

[3] We note that when Judge Horton entered the order in the present case dated 29 August 1972, David, the oldest child, was already 18 years old and G.S. Chap. 48A was then in effect. The plaintiff made no contention at that time that his son's reaching majority relieved him of all further obligation to provide for his son's support and education. Judge Horton's order, which provided among other things that plaintiff continue to make support and educational payments for the benefit of his 18-year-old son, became the law of this case upon the dismissal of plaintiff's appeal therefrom. Furthermore, when in September 1973 plaintiff unilaterally reduced the monthly support payments for his children, he still did not contend he had a right to do so because David was no longer a minor, but contended only that his own changed financial circumstances made the reduction necessary. It was not until 5 June 1974, when his motion came on for hearing, that plaintiff for the first time contended that his obligations toward any of his children terminated as each became 18. His own prior conduct clearly demonstrates that he had theretofore otherwise understood the nature of his contractual obligations for the benefit of his children and that he had long recognized that these obligations might continue without regard to the time any child should attain majority. Plaintiff's own prior conduct is consistent with the construction which we place upon his contract.

[4] In the second and third arguments set forth in plaintiff's brief on this appeal, plaintiff contends that under the equal protection clause of the Fourteenth Amendment to the United States Constitution and under Article IX, Section 3 of the North Carolina Constitution, he may not be required to provide funds for his children to attend private schools. The record does not indicate that these constitutional contentions were raised or passed upon in the trial court, and as a general rule an appellate court will not pass upon a constitutional question which was not raised and considered in the court from which appeal was taken. *Wilcox v. Highway Comm.,* 279 N.C. 185, 181 S.E. 2d 435 (1971). Moreover, we find plaintiff's arguments unpersuasive. Article IX, Section 3 of our State Constitution directs that "[t]he General Assembly shall provide that every child of appropriate age and of sufficient mental and physical ability shall attend the public schools, unless educated by other

means." Here, obviously, the children are being educated by other means. Neither is there any denial of equal protection in requiring a father to pay for his children's educations at a private school. Plaintiff agreed in the separation agreement that defendant should have "the custody, care and control" of the three children, and in general the custodian is the one to decide the extent and the place of the education of the child beyond that which is provided by the public school system, subject to the approval of the court in cases where the father is required by the court to pay therefor. *Zande v. Zande,* 3 N.C. App. 149, 164 S.E. 2d 523 (1968); *see* Annot., 36 A.L.R. 3d 1093. Here, the order of Judge Horton dated 29 August 1972 expressly found that the children's attendance at private schools was in their best interest. As above noted, plaintiff failed to perfect his appeal from that order.

[5] Plaintiff contends that the order of Judge Allen now appealed from demonstrates a "gross abuse of discretion" in failing to find a substantial change of circumstances in regard to plaintiff's earning capacity such as to entitle him to the relief sought in his motion. We do not agree. The evidence discloses and Judge Allen found as facts that plaintiff is a medical doctor who, prior to September 1973, received $7,000.00 per month for medical services rendered to three hospitals, that plaintiff's contracts with the hospitals terminated in September 1973 and he thereafter engaged in private practice through a professional association of which he was the sole owner, that his adjusted gross income for 1972 was in excess of $75,000.00 and for 1973 was in excess of $52,000.00, and that the total income of the professional association for March, April and May 1974, was $15,012.00. No exception was taken to any of the foregoing findings. Plaintiff had the burden of showing a change in circumstances sufficient to warrant Judge Allen's modifying the order previously entered by Judge Horton. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). Plaintiff failed to carry that burden and we find no merit in plaintiff's present contention that Judge Allen abused his discretion.

[6] Finally, plaintiff assigns error to the portion of the order appealed from which directed him to pay a fee to the defendant's attorneys. In this connection plaintiff does not contest the amount of the fee allowed but contends only that as a matter of law he should not be required to pay any fee. We do not agree. By his own actions in unilaterally reducing the support payments

Wood v. Brown

for the children and by filing his motion in the cause, plaintiff forced defendant to employ counsel to secure for their children the support and educational benefits to which they were entitled. Plaintiff cannot now justly complain at being required to assist in the payment of defendant's necessary counsel fees. *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967); *Andrews v. Andrews,* 12 N.C. App. 410, 183 S.E. 2d 843 (1971); *see Shore v. Shore,* 15 N.C. App. 629, 190 S.E. 2d 666 (1972).

The order appealed from is

Affirmed.

Judges MORRIS and HEDRICK concur.