CHARLES M. WYATT v. JUDY P. WYATT

No. 7725DC404

(Filed 21 March 1978)

**Divorce and Alimony § 27— child support—attorney's fees—ability to pay—income of plaintiff's present wife**

> The trial court did not err in considering the income of plaintiff's present wife when weighing his expenses and debts against his financial resources to determine his financial ability to pay defendant's counsel fees in a child support action where plaintiff's present wife is a member of his current household and is the mother of all three children residing therein.

APPEAL by plaintiff from *Tate, Judge.* Order entered 19 March 1977 in District Court, BURKE County. Heard in the Court of Appeals 1 March 1978.

This is the third appeal in this child support case. The facts are stated in the opinions on the two prior appeals reported in 27 N.C. App. 134, 218 S.E. 2d 194 (1975) and 32 N.C. App. 162, 231 S.E. 2d 42 (1977). On the last appeal we affirmed the trial court's order setting the amount of the child support payments to be made by plaintiff-father but vacated the order awarding attorney's fees because of insufficient findings of fact as to the reasonable worth of the legal services rendered. On remand, further hearings were held from which, by consent of the parties, it was agreed that the court should make findings of fact (1) as to the nature and scope of the legal services rendered, the skill and time required, and the reasonable worth of attorney's fees incurred, and (2) as to plaintiff's financial circumstances and ability to pay counsel fees. At conclusion of the hearings, the court entered an order making detailed findings of fact on these matters, from which the court concluded that legal fees in the amount of $1,975.00 incurred by defendant-mother in the prosecution of this action to obtain adequate child support payments from the father were reasonable in view of the nature and extent of the services rendered and that these fees were necessarily incurred because of the refusal of the plaintiff to make adequate support payments for his child. The court found that in 1975 plaintiff had paid $200.00 on account of these fees, leaving an outstanding balance of $1,775.00, and that plaintiff's financial circumstances are such that he is able to pay said fees. The court ordered plaintiff to pay $1,775.00 as the balance of the reasonable attorney's

fees incurred by defendant, but granted plaintiff the option to pay this sum in annual installments of not less than $250.00 beginning on 30 June 1977, with interest on the unpaid balance at 6% per annum. From this order plaintiff appeals.

*John H. McMurray for plaintiff appellant.*

*Byrd, Byrd, Ervin and Blanton by Joe K. Byrd for defendant appellee.*

PARKER, Judge.

The court's finding that legal fees in the total amount of $1,975.00 were reasonable was fully supported by its detailed findings of fact as to the nature and extent of the services rendered, and on this appeal plaintiff does not challenge those findings. Rather, he challenges the court's finding that his financial circumstances are such that he is able to pay said fees. In this connection he first contends that the court erred by making findings of fact as to the earnings of his present wife and by obviously taking those earnings into account in making its determination as to plaintiff's ability to pay. We find no error.

In evaluating plaintiff's financial circumstances, the court first made findings regarding plaintiff's ordinary monthly household expenses and his outstanding debts. Plaintiff's current household, consisting of five persons, includes himself, his present wife, their twin children, and his present wife's child by a former marriage. Itemizing the various expenses, plaintiff testified that the total monthly expenses for that household (including child support payments he is making to his child by his first marriage) amounted to $887.00. In accord with plaintiff's testimony, the court found as a fact that plaintiff's total monthly expenses for the household and for child support amounted to $887.00. The court also found that plaintiff had debts amounting to a total of $1,183.00. The court then made findings regarding plaintiff's income and other financial resources, taking into consideration not only plaintiff's income but also the income of his present wife.

Plaintiff contends that the court should not have considered his present wife's income when weighing his expenses and debts against his financial resources to determine his financial ability to pay defendant's counsel fees. We disagree. Plaintiff's present wife

is a member of his current household, and she is the mother of all three children residing in that household. Under these circumstances, it was proper for the court to consider the substantial income received by a member of that household who shared in the responsibility for its support. Moreover, plaintiff himself presented for the court's consideration evidence regarding his present wife's income, and he should not now be heard to complain that the court took this evidence into consideration.

We also find no merit in plaintiff's second contention, which is that the court abused its discretion in ordering him to pay the balance of $1,775.00 in attorney's fees without making sufficiently specific findings as to his present ability to pay. The findings made by the court were both specific and detailed, and we find no abuse of the court's discretion.

Affirmed.

Judges MARTIN and ARNOLD concur.