Outlaw v. Outlaw

---

JOYCE H. OUTLAW, PLAINTIFF v. JARVIS C. OUTLAW, DEFENDANT

No. 871DC939

(Filed 5 April 1988)

**Divorce and Alimony § 24.8— modification of child support—no showing of changed circumstances**
      Defendant failed to show a substantial change of circumstances which would warrant modification of a child support order.

APPEAL by defendant from *Beaman, Judge.* Order entered 27 April 1987 in District Court, DARE County. Heard in the Court of Appeals 2 March 1988.

This appeal arises as a result of the trial court's ruling on a motion in the cause to modify child support payments and alimony payments provided for pursuant to a Consent Judgment.

*Aldridge, Seawell and Khoury, by Christopher L. Seawell and Joe G. Adams, Jr., for plaintiff-appellee.*

*Aycock, Spence and Graham, by W. Mark Spence, for defendant-appellant.*

JOHNSON, Judge.

By Consent Judgment entered 8 October 1986, custody of the two minor children born to the parties was placed with the plaintiff and defendant was ordered to pay the sum of $200 per month as permanent alimony, to pay the sum of $850 per month as child support, to maintain medical insurance for the benefit of the minor children, to pay eighty percent (80%) of all medical ex-

penses of the minor children not covered by medical insurance, and to pay all reasonable dental expenses of the minor children.

On 2 April 1987, pursuant to Chapter 50 of the North Carolina General Statutes, defendant filed a motion in the cause seeking a change in custody and a reduction of child support and alimony payments. Defendant alleged in his motion that since the entry of the 8 October 1986 judgment, there had been a substantial change in circumstances warranting the requested modifications. Plaintiff filed a response denying that there had been any substantial change in circumstances.

At the hearing of defendant's motion, defendant withdrew his request seeking to modify the Consent Judgment with regard to child custody. Following a hearing on defendant's motion on 27 April 1987, Judge Beaman, after making findings of fact and conclusions of law, held that there was no showing of a substantial change of circumstances warranting a modification of the 8 October 1986 Consent Judgment. The court then denied defendant's motion. From the denial of his motion, defendant appeals.

We note at the outset that this appeal is subject to dismissal. Rule 12 of the N.C. Rules of App. P. provides that the record on appeal shall be filed no later than 150 days after giving notice of appeal. Rule 27(c)(2) provides that the 150 day limit may be extended on motion, but only by the appropriate appellate court.

Defendant gave notice of appeal from the 27 April 1987 order on 28 April 1987. The record on appeal was filed 7 October 1987, more than 150 days from the date defendant gave notice of appeal. The 150 day limit was never extended by this Court. Nevertheless, we have, in our discretion, decided to consider defendant's appeal.

Defendant brings forward five Assignments of Error upon which he bases his two arguments. First, defendant contends that the trial court erred in failing to make specific findings of fact as to all of the circumstances of the parties. Defendant argues that the findings the trial court failed to make would have supported a modification of the 8 October 1986 Consent Judgment. Secondly, defendant contends the trial court's findings of fact do not support its conclusions of law.

The party moving for the modification has the burden of showing that a material change in the circumstances has occurred. *See, e.g., Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E. 2d 116 (1979); *Shore v. Shore*, 15 N.C. App. 629, 190 S.E. 2d 666 (1972). While the trial court must make findings of fact to support its order, these findings are conclusive on appeal if supported by any competent evidence and a judgment or order supported by such findings will be affirmed. *See, e.g., Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974).

In the present case the Order denying defendant's motion for modification contains the following findings:

2. By consent judgment entered October 8, 1986, the Plaintiff (sic) [Defendant] agreed to pay the sum of $200.00 per month as permanent alimony through the office of the Clerk of Superior Court of Dare County, as will appear in said order, $850.00 per month as child support for the two minor children born between the marriage between the parties, as will appear by said order of court, and certain other additional medical and dental expenses, as will appear in the record proper.

3. That the Defendant's gross wages in October, 1986 were approximately $2,000.00 per month, as evidenced by his prior affidavit of financial standing and testimony of the Defendant at a prior hearing in this matter; that the Defendant's current gross income at this time is $2,274.00 per month, as evidenced by his recently filed affidavit of financial standing and his testimony at this hearing; that the Defendant's income is somewhat more than it was in October, 1986.

4. That the monthly expenses of the Defendant in October, 1986 were $2,511.00, as evidenced by his testimony at prior hearings and his affidavit of financial standing; that the Defendant's monthly expenses at this time are $2,161.00, as evidenced by his current affidavit of financial standing and testimony at this hearing; that the Defendant's monthly expenses now are somewhat less than they were at the time of the entry of the prior order in October, 1986.

5. That the Defendant has purchased, since the date of entry of the last order, a new tractor in connection with his business for the sum of $7,000.00 cash.

6. The gross income for the Defendant for the year 1986 was $29,307.00 and said income for this year is similar to that of the Defendant for the year 1986.

7. The Court finds that the Defendant is working approximately 50 to 55 hours per week, which is the same amount of work now that he was working at the time of the entry of the consent order in October, 1986; that the Defendant is regularly working for several general contractors and has no anticipation of work falling off in the near future.

We have carefully reviewed the record in this case and find that the evidence fully supports these findings. Furthermore, we have determined from our review of the record that the evidence which defendant argues the trial court failed to make findings upon is not sufficient evidence of a material change of circumstances. This evidence shows that according to plaintiff's affidavit she has no income; that although defendant has personal knowledge that plaintiff has done some part-time work since the date of the Consent Judgment, defendant does not know if plaintiff is currently employed; that since October of 1986, plaintiff has received some temporary financial assistance from a Carl Winkler to help her with some of her expenses. Clearly this evidence fails to support a finding of a material change of circumstances and we find no error in the court's failing to make findings therefrom.

The findings of fact found by the trial court are supported by the evidence and are clearly more than ample to support the court's conclusion that defendant has failed to show a substantial change of circumstances that would warrant a modification of the 8 October 1986 Consent Judgment.

The Order denying defendant's motion for modification is

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.