25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re Robert B. BROUGHTON, as Personal Representative (and
in that Fiduciary Representative Capacity
Only--Not Individually) of the Estate of
Woodson Broughton, Deceased, Debtor.
Celeste G. BROUGHTON, Justin John Gold Broughton, Robert B.
Broughton, Jr., Plaintiffs-Appellants,
v.
J. Mac BOXLEY, Broughton, McConnell & Boxley, P.A.,
Broughton, Wilkins & Crampton, P.A., Broughton & Boxley,
P.A., Millbrook Development Company, J. Melville Broughton,
Jr., Jack A. Sneeden, MRW Partnership, Southern National
Bank, Estate of Woodson Broughton, John D. McConnell, Jr.,
Robert B. Broughton, Sr., Defendants-Appellees.
Celeste G. BROUGHTON, Justin John Gold Broughton, Robert B.
Broughton, Jr., Plaintiffs-Appellants,
v.
J. Mac BOXLEY, Broughton, McConnell & Boxley, P.A.,
Broughton, Wilkins & Crampton, P.A., Broughton & Boxley,
P.A., Millbrook Development Company, J. Melville Broughton,
Jr., Jack A. Sneeden, MRW Partnership, Southern National
Bank, Estate of Woodson Broughton, John D. McConnell, Jr.,
Robert B. Broughton, Sr., Defendants-Appellees.
Celeste G. BROUGHTON, Justin John Gold Broughton, Robert B.
Broughton, Jr., Plaintiffs-Appellants,
v.
J. Mac BOXLEY, Broughton, McConnell & Boxley, P.A.,
Broughton, Wilkins & Crampton, P.A., Broughton & Boxley,
P.A., Millbrook Development Company, J. Melville Broughton,
Jr., Jack A. Sneeden, MRW Partnership, Southern National
Bank, Estate of Woodson Broughton, John D. McConnell, Jr.,
Robert B. Broughton, Sr., Defendants-Appellees.
 Nos. 92-1183, 92-1751, 92-1754.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 3, 1993.
Decided May 24, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-14-5-BR, BK-79-109-5)
 Celeste Broughton, Justin John Gold Broughton, Robert B. Broughton, Jr., appellants pro se.
 J. Mac Boxley, Raleigh, NC, J. Melville Broughton, Jr., Broughton, Wilkins, & Webb, Raleigh, NC, William S. McLean, McLean, Stacy, Henry & McLean, Lumberton, NC, Gregory Byrd Crampton, Merriman, Nicholls & Crampton, P.A., Raleigh, NC, John D. McConnell, Jr., Raleigh, NC, Robert B. Broughton, Sr., Raleigh, NC, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM
 Celeste Broughton, Justin Broughton, and Robert Broughton, Jr.[1] (Appellants), appeal from a number of orders of the district court affirming a bankruptcy court order and dismissing their claims against Robert Broughton (Celeste's ex-husband), his brothers, law partners, and various real estate partnerships arising out of the conveyance of a certain tract of land in North Carolina. The facts giving rise to these appeals are as follows.
 Celeste and Robert Broughton were divorced in 1973. Celeste obtained a state court order awarding her alimony and child support. In 1980, these amounts were increased partly due to Robert's ownership of a valuable interest in a partnership ("MRW") which owned a large tract of commercial property (approximately 274 acres) in Wake County, North Carolina. The latter judgment determined that Robert could "substantially increase his income, without depleting his estate, by converting his non-income producing interest in MRW Company [a partnership with his two brothers] into proceeds for income producing assets." Broughton v. Broughton, 294 S.E.2d 772, 776 (N.C.App.1982). The partners in MRW were Robert and his brothers, J. Melville Broughton, Jr., and Woodson Broughton.[2]
 
 
 1
 In July 1969, MRW conveyed the majority of the land to Millbrook Development Company. Millbrook reconveyed the property to MRW in October 1969. In November 1971, MRW conveyed approximately eighty acres of the tract to Woodson Broughton. One month later, Woodson conveyed to MRW all of his interest in the property, less the eighty acres. In March 1972, Woodson reconveyed the eighty acres back to MRW. These conveyances, and reconveyances, of the property at issue (or parts thereof) continued throughout the 1970's. By 1981, MRW had conveyed all of the 274 acres to the three brother-partners.
 
 
 2
 Appellants filed suit both in bankruptcy court[3] and in the district court alleging that the Broughton brothers had unlawfully conspired together to fraudulently convey the 274 acres in such a way as to deprive Celeste of some marital interest. By orders entered March 29, 1985; June 3, 1985; July 12, 1985; and August 1, 1985, the district court granted summary judgment to the Defendants on Appellants' claims brought under 42 U.S.C. Sec. 1983 (1988) and Sec. 1985 (1988); dismissed Appellants' pendent state law claims; and referred to the bankruptcy court Appellants' claim against the estate of Woodson for fraudulent conveyance and the related civil conspiracy claims against the three brothers.[4] In May 1990, the bankruptcy court entered final judgment against Appellants finding that (1) Appellants failed to establish the elements of a fraudulent conveyance under North Carolina law (N.C. Gen.Stat. Sec. 39-15 (1984)); (2) in any event, Appellants' action was barred by the statute of limitations (N.C. Gen.Stat. Sec. 1-52 (1983)); and (3) that Appellants failed to establish a claim for civil conspiracy under North Carolina law. The district court, by order entered October 22, 1991, summarily affirmed the bankruptcy court's order. The district court also denied Appellants' motions for a stay (Nov. 8, 1991); for rehearing (Nov. 13, 1991); for reconsideration (Dec. 17, 1991); to correct the docket sheet (Apr. 30, 1992); and for leave to conduct discovery in aid of their rule 60(b) motion, which had already been denied (May 7, 1992).
 
 
 3
 In No. 92-1138, Appellants appeal the district court's orders of March 29, 1985; June 3, 1985; July 12, 1985; August 8, 1985[5]; October 22, 1991; November 8, 1991; November 13, 1991; and December 17, 1991. None of Appellants' claims has any merit. We address each of the orders referenced in the notice of appeal:
 
 
 4
 1. District court's order of March 29, 1985:
 
 
 5
 In this order, the district court adopted the magistrate judge's report and recommendation and dismissed Appellants' claims under 42 U.S.C. Sec. 1983 (1988) and 42 U.S.C. Sec. 1985(3) (1988) against all Defendants. Their claim against the Estate of Woodson Broughton for fraudulent conveyance and the related civil conspiracy claim against Robert, Melville and the Estate of Woodson Broughton were referred to the bankruptcy court.
 
 
 6
 Because Appellants failed to show any state action in connection with the actions of the Defendants, their claim under Sec. 1983 was properly dismissed. See Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). Their claim under Sec. 1985(3) is similarly without merit as they made no showing of a racial or other invidiously discriminatory motive behind the Defendants' alleged conspiracy. See Griffin v. Breckinridge, 403 U.S. 88, 101-02 (1971).
 
 
 7
 2. District court's orders of June 3, 1985; July 12, 1985; and August 8, 1985:
 
 
 8
 By order entered June 3, 1985, the district court summarily denied Appellants' motions to (1) vacate the March 29 order, and (2) have the district court judge recuse himself. Their motion to amend the Complaint based on "newly discovered evidence" of a conspiracy with state officials was conditionally denied, if, within twenty days of the order, they failed to file affidavits from the named state parties attesting to conversations which Celeste alleged took place.
 
 
 9
 Appellants' response stated that "[s]aid individuals would not even return plaintiffs' phone calls to them." On July 12, 1985, the district court dismissed Appellants' motion to amend the Complaint for failure to submit the required affidavits. The motion to reconsider the July 12 order was denied on August 1, 1985.
 
 
 10
 Because Appellants failed to show any facts to sustain a claim under either Sec. 1983 or Sec. 1985(3), we find that the district court properly dismissed these claims and properly refused to reconsider its decision. Lugar, 457 U.S. at 937; Griffin, 403 U.S. at 101-02. Further, as Appellants have shown no extrajudicial bias, the recusal motion was properly denied. In re: Beard, 811 F.2d 818, 826-27 (4th Cir.1987).
 
 
 11
 3. District court's order entered October 22, 1991:
 
 
 12
 In its final order, the district court affirmed the bankruptcy court's order of May 20, 1990, which found that the claims referred from the district court were without merit. The bankruptcy court granted summary judgment to the Defendants, finding that Appellants had failed to prove that a fraudulent transfer took place under North Carolina law because:
 
 
 13
 [T]here has been no transfer from Robert to Woodson of any of Robert's interest in the 274.23 acres. The transfers did not change the amount of property owned by Robert or Woodson. It simply changed the character of their ownership. Woodson's interest was changed from a "one-third interest as tenants in partnership in 274.23 acres" to a fee simple ownership of 83 acres in the same land. Robert's interest was changed from a one-third interest as tenants in partnership in 274.23 acres to a one-half interest as tenants in partnership in 181.23 acres.
 
 
 14
 Bankruptcy court's final order entered May 3, 1990, p. 14. Therefore, the claim of conspiracy to fraudulently convey property failed as well.
 
 
 15
 In addition, the court noted, the applicable statute of limitations had run. N.C. Gen.Stat. Sec. 1-52.
 
 
 16
 We find that the bankruptcy court, and the district court, properly dismissed Appellants' claims. In essence, they are attempting to do indirectly what they cannot do directly-attack a state court judgment in federal court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Therefore, we affirm the district court's orders affirming the bankruptcy court's final order and denying Appellants' motion for stay (Nov. 8, 1991), motion for rehearing (Nov. 13, 1991), and motion for reconsideration (Dec. 17, 1991).
 
 
 17
 In No. 92-1751, Appellants appeal the district court's order entered on April 30, 1992, which denied their motion to correct the district court's docket sheet. Appellants argue that the district court improperly refused to correct its docket to accurately reflect the attorneys representing the Defendants. Specifically, Appellants claim that an attorney named Greg Crampton entered an appearance for seven of the Defendants in August 1983; that all but one of those Defendants is now listed as pro se; that "[t]he record contains no written request or notice thereafter that Mr. Crampton withdrew after August 1983 as counsel for said entities, nor does the record contain an order allowing Mr. Crampton to withdraw as counsel." Appellants offered no facts in support of this motion or any legal basis for her request. Therefore, we affirm the district court's order.
 
 
 18
 In No. 92-1774, Appellants appeal the district court's order denying their motion to conduct discovery pending the appeal. They argue that such discovery (in the form of requests for production of documents) "is necessary for the added reason that there is likelihood the defendants and their silent partners will destroy the requested papers and/or dispose of the property before the matter is remanded after appeal." In light of our disposition in No. 92-1183, this order is also affirmed.
 
 
 19
 The Appellees' motions to dismiss the appeals and strike Appellants' briefs are denied. The Appellants' motion to expedite the appeal is denied. The Appellants have also filed a motion seeking permission to file an informal reply brief. Because they have already done so, this motion is granted. Celeste Broughton has also filed a motion to stay sale of the property or enforcement of the district court's orders pending appeal. In light of the disposition of the appeals, this motion is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 92-1183, AFFIRMED
 No. 92-1751, AFFIRMED
 No. 92-1774, AFFIRMED
 
 
 [1]
 Some of the litigation is attributable to the unilateral actions of Celeste Broughton, while Justin Broughton and Robert Broughton, Jr., have signed some of the documents, including the notices of appeal. For convenience, we refer to them as Appellants throughout this opinion
 
 
 [2]
 Robert is now the personal representative of Woodson's estate
 
 
 [3]
 Woodson had become a Chapter 12 debtor by the time of these filings
 
 
 [4]
 The magistrate's report and recommendation to the district court aptly summarized the claims as follows:
 Celeste Broughton's claims against the various defendants stem almost entirely from her dissatisfaction with the divorce proceedings involving her husband Robert Broughton. She has vented this dissatisfaction with numerous lawsuits in both state and federal court. The period of limitations appears to have run on most of her state law claims presented herein prior to the initiation of this action [filed in July 1982].
 
 
 [5]
 There is no order entered on the district court's docket sheet on August 8, 1985. There is an order entered on August 1, 1985 denying Celeste's motion to reconsider the July 12 order. I assume she was referring to the August 1 order in her notice of appeal