**THEOKAS v. THEOKAS**

[97 N.C. App. 626 (1990)]

IV

―――――――――

RICHARD P. THEOKAS, PLAINTIFF v. DIANNE B. THEOKAS, DEFENDANT

No. 8912DC849

(Filed 20 March 1990)

1. **Divorce and Alimony § 24.11 (NCI3d)— obligation of estate to pay child support—modification formula in divorce decree— requests to strike denied as premature**

   The trial court did not err in denying as premature plaintiff's requests (1) to strike child support and alimony modification formulas of the parties' separation agreement which had been incorporated in the divorce decree and (2) to strike the obligation of plaintiff's estate to pay child support and alimony after plaintiff's death.

   **Am Jur 2d, Divorce and Separation §§ 849, 1048, 1058.**

2. **Divorce and Alimony § 27 (NCI3d)— child support and custody modification hearing—award of attorney's fees to defendant proper**

   The trial court did not err in awarding attorney's fees to defendant where the action originally addressed both child support and custody, even though the custody issue was resolved in about 15 minutes, and the court was thus not required to find that plaintiff refused to provide adequate support; evidence was sufficient to support the court's finding that defendant was without the means to defend the matter on a substantially even basis with plaintiff; the court properly found that defendant prevailed on the issues of custody and modification relative to payments of support and maintenance; and defendant was entitled to those fees which she incurred

**THEOKAS v. THEOKAS**

[97 N.C. App. 626 (1990)]

in defending those claims entirely brought by plaintiff. N.C.G.S. § 50-13.6.

**Am Jur 2d, Divorce and Separation §§ 596, 597.**

APPEAL by plaintiff from judgment entered 12 April 1989 by *Judge Sol G. Cherry* in CUMBERLAND County District Court. Heard in the Court of Appeals 15 February 1990.

Plaintiff and defendant were married to each other, had one child, and subsequently separated and divorced. At the time of separation, they entered into a written separation agreement which provided in part for the plaintiff to pay defendant child support and alimony which would continue to be paid by plaintiff's estate after his death. The defendant has remarried so that matters relating to her separate maintenance are moot. They also stipulated in the agreement that the support payments could be modified after July 1, 1990 if certain conditions were met. The plaintiff sought incorporation of the separation agreement into the divorce judgment when he filed his complaint. The agreement was incorporated in the final decree.

Plaintiff filed a motion for modification of the incorporated separation agreement seeking a change in visitation and support provisions of that agreement. In her response and counterclaim, defendant requested attorney's fees because plaintiff sought a modification of child custody and support. By means of a non-prejudicial consent order, the two parties modified plaintiff's visitation rights. The court denied plaintiff's request to strike the child support and alimony modification formulas of the agreement, denied plaintiff's request to strike the obligation of plaintiff's estate to pay child support and alimony after plaintiff's death, and awarded attorney's fees to defendant. At the hearing on the amount of attorney's fees to be awarded defendant, the court granted defendant all of her attorney's fees. Plaintiff appeals.

*Reid, Lewis, Deese & Nance, by Renny W. Deese, for plaintiff-appellant.*

*Bain & Marshall, by Elaine F. Marshall and Alton D. Bain, for defendant-appellee.*

THEOKAS v. THEOKAS

[97 N.C. App. 626 (1990)]

LEWIS, Judge.

The plaintiff bases his request that the Court reverse the order of the trial court on three assignments of error.

I.  Payment of child support by plaintiff's estate.

[1]  The separation agreement provided that the plaintiff's obligation to provide child support was to continue notwithstanding his death and was to be a charge against his estate. The exact wording of that agreement is as follows:

> Husband agrees to make monthly child support payments for the minor child directly to the wife . . . until the child reaches the age of 18. . . . Husband [sic] obligation to provide child support shall continue notwithstanding his death in the event he shall die before the child reaches 18 years of age and the same may be a charge against husband's estate.

At trial, the judge stated: "On the post-death provisions, . . . I consider that premature. He's still alive at this point."

North Carolina General Statute § 1A-1, Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding.
> . . .

The statute says "may." Here the trial judge found the matter was premature and decided not to grant the motion. We will uphold his discretion in denying the motion.

II.  Modification of the "formulas" for a potential change in the amount of child support and maintenance payments.

The incorporated separation agreement provided for changes in the level of child support and separate maintenance effective July 1990. Plaintiff requested that the trial court alter the provisions for modification of child support payments and payments for the wife's separate maintenance after July 1990. The trial court stated in its order: "The court finds that any interpretation of the modification provisions as requested by plaintiff regarding the formulas effective July 1990 would be premature." A modification now could be altered by the time of the effective date for the new provisions. In July of 1990, a new hearing would then be

necessary to determine if the "changed circumstances" were still applicable to support the modification. No party or beneficiary is seeking enforcement of these provisions. The trial court properly concluded that any alteration of the modification formulas would be premature.

### III. Attorney's fees.

[2] The trial court ruled that the defendant was entitled to an award of attorney's fees. The award of attorney's fees in a child custody and/or support action is governed by General Statute § 50-13.6 which provides in pertinent part:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . .

In opposing that award, the plaintiff notes three alleged bases for reversing that order.

### A. *The action addresses support and custody.*

Plaintiff alleges that the first *and* second sentences of the applicable statute apply to him since he contends that this was an action solely for support. Defendant states that this action addressed both support *and* custody and that the second sentence of the statute does not apply to this case. The trial court stated in its findings of fact: "Plaintiff originally sought a custody modification in this action." In the conclusions of law, the court held: "Plaintiff abandons his claim for joint custody." Plaintiff contends that, even though his modification motion did initially put the issue of custody before the court, the issue of custody was quickly settled by agreement and the proceeding was in fact one relating only to support. Plaintiff relies on *Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E.2d 99 (1984), and on *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980). Those two cases are distinguishable because the issue of custody had been settled in each of those cases long

before the trial court entered subsequent orders dealing only with child support; in the *Gibson* case, five months prior to the entry of the child support judgment, and in the *Hudson* case, by a consent order entered twenty months prior to the order concerning child support. In the case at bar, the plaintiff did present the issue of modification of child custody at the hearing.

> [COUNSEL FOR DEFENDANT]: Your honor, may I inquire of counsel? Pursuant to the motions that have been filed here, he was proceeding on a modification of the custody status of the child, and I'm wanting to know if he's intending on following through with that?
>
> THE COURT: You're moving to change the joint custody, as I understand it.
>
> . . .
>
> [PLAINTIFF]: Yes, your honor. It's a variation of the more extended visitation for custody.

Even though the custody issue may have been "resolved in basically 15 minutes" at trial, as defendant's counsel stated during the hearing on attorney's fees, it nevertheless was an issue and the proceeding is therefore one which addressed both custody and support.

B. *The "insufficient means" requirement.*

Plaintiff alleges that there is a "total absence of any evidence supporting the court's finding that defendant had 'insufficient means to defray the expenses of the action.'" The trial court stated in its order: "Defendant is without the means to defend this matter on a substantially even basis with Plaintiff" and awarded attorney's fees to the defendant. According to the court's findings of fact, plaintiff's leave and earnings statement verified gross monthly earnings of $4,965.55. Defendant earned between $1,450 and $1,540 per month and received $484 per month alimony and $1,200 per month child support. Out of defendant's income, she paid a mortgage payment in the approximate amount of $650 per month. The North Carolina Supreme Court in *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980), described the standard for analyzing this issue.

> If the dependent spouse is not able as litigant to meet the supporting spouse as litigant on substantially even terms because the dependent spouse is financially unable to employ adequate counsel, . . . then by definition the dependent spouse 'has

STATE v. CUNNINGHAM

[97 N.C. App. 631 (1990)]

not sufficient means . . . to defray the necessary [*legal*] expenses [of the suit].' G.S. 50-16.3(a)(2).

*Id.* at 474, 263 S.E.2d at 724. Such a determination is within the discretion of the trial court and we find no abuse of discretion in this case.

### C. *The reasonableness of the award.*

A hearing on the amount of attorney's fees to be awarded defendant was held and defendant was allowed to recover all of her attorney's fees from plaintiff. In the case at bar, we find that the trial court could and did find that the defendant prevailed on the issues of custody and modification relative to payments of support and maintenance. Defendant is entitled to those fees which she incurred in defending those claims entirely brought by the plaintiff. The hourly rate is reasonable and the fee awarded is fair and supported by the evidence.

Affirmed.

Judges WELLS and COZORT concur.