FINE v. FINE

[103 N.C. App. 642 (1991)]

BARBARA FINE, AS GUARDIAN AD LITEM FOR JOHN L. FINE, PLAINTIFF-APPELLEE
v. PAUL I. FINE, DEFENDANT-APPELLANT

No. 9018SC1218

(Filed 6 August 1991)

### Appeal and Error § 2 (NCI4th) — failure to follow appellate rules — dismissal of appeal

An appeal is dismissed for failure to comply with the Rules of Appellate Procedure where appellant failed to separately number each assignment of error and confine each assignment of error to a single issue as required by Rule 10(c)(1); appellant failed to separately state each question and argument as required by Rule 28(b)(5); and appellant asserted that this case had been voluntarily dismissed in open court but failed to include in the record a transcript of the proceedings on that occasion, minutes of the clerk, or any affidavit of a court official to support this assertion.

**Am Jur 2d, Appeal and Error §§ 489, 658, 661, 662, 906.**

Judge PHILLIPS dissenting.

APPEAL by defendant from judgment entered 10 August 1990 by *Judge Lester P. Martin, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 5 June 1991.

According to the record filed in this Court, this action was instituted by the filing of a complaint by plaintiff against defendant and proper service upon defendant. Plaintiff asserted four claims for relief: (1) fraud, (2) breach of custodial and fiduciary duties, (3) conversion, and (4) unfair and deceptive trade practices. Plaintiff sought recovery of compensatory and punitive damages, treble damages, and attorneys' fees.

In her first claim for fraud, plaintiff alleged in summary that prior to May of 1985, John L. Fine was a shareholder in High Point National Furniture Market, Inc. (hereinafter "the Corporation"). The Corporation was dissolved by agreement of its shareholders. As a part of the dissolution of the Corporation, assets in the form of cash in the amount of $199,745.07 were distributed to John L. Fine pursuant to the North Carolina Uniform Transfer to Minors Act. Defendant was designated as custodian of those funds, received such funds as custodian, commingled those funds

with his own property and, or, the property of others, and misappropriated and converted such funds to his own use, after having represented to John Fine that he would keep the custodial property separate and apart from his own property and the property of others, all to the damage of John Fine.

In the second claim for breach of custodial duties, plaintiff realleged the underlying fraud circumstances and alleged that defendant had failed and refused John Fine's repeated legal demands for an accounting.

In the third claim for conversion, plaintiff alleged that defendant had converted John Fine's property to his own use.

In the fourth claim for unfair and deceptive trade practices, plaintiff alleged that in these circumstances defendant was engaged in commerce or in acts affecting commerce.

The complaint and summons were served on defendant on 26 May 1989. On 27 June 1989, defendant not having appeared or answered, plaintiff duly moved for entry of default. By order of the Clerk of Court, default was entered 5 July 1989. On 25 July 1989, plaintiff duly moved for default judgment.

On 11 September 1989, a consent order was entered by Judge James J. Booker, ordering defendant to render an accounting of all property held by defendant for the benefit of John Fine, such accounting to be presented to counsel for plaintiff within forty-five days of that order. The court further ordered defendant to transfer all property held by him for the benefit of John Fine to John Fine within forty-five days of the date of that order. The court further ordered that should defendant fail to so account for and transfer such property to plaintiff's satisfaction, plaintiff should be entitled to any additional remedies plaintiff might have under North Carolina law.

On 13 November 1989, Judge Lester P. Martin, Jr. entered an order stating that John Fine have and recover of defendant the sum of $199,745.07 on plaintiff's claim for compensatory damages, and that plaintiff's claim for punitive damages, treble damages, and attorneys' fees be continued. No post-judgment motions in opposition to that judgment were filed and no appeal from that judgment was noticed or taken.

The matter came on for hearing again before Judge Martin on 6 August 1990 on plaintiff's motion for default judgment for punitive damages, treble damages, and attorneys' fees. In the judgment which was filed on 10 August 1990, Judge Martin found as a fact that no part of the prior judgment for $199,745.07 had been satisfied, allowed plaintiff's additional claims, and entered judgment for plaintiff against defendant for punitive and treble damages in the amount of $599,235.21 and attorneys' fees in the amount of $5,408.10.

On 10 September 1990, defendant gave notice of appeal from the judgment of 10 August 1990.

*No brief for plaintiff-appellee.*

*Robert S. Cahoon for defendant-appellant.*

WELLS, Judge.

We first note that no appeal having been taken from the 13 November 1989 judgment awarding plaintiff $199,745.07 in compensatory damages, that judgment is final and not affected by this attempted appeal.

As to this attempted appeal, defendant has violated the North Carolina Rules of Appellate Procedure in several ways. Rule 10(c)(1) of the Appellate Rules requires that assignments of error be separately numbered and that each assignment of error be confined to a single issue of law. Similarly, Rule 28(b)(5) requires that arguments in an appellant's brief follow the pattern of Rule 10 so that each question and argument be separately stated.

Defendant's sole assignment of error is as follows:

ASSIGNMENT OF ERROR NO. 1

The defendant-appellant assigns as error that the Trial Court erred to his prejudice in signing and entering the judgment against him dated August 9, 1990, and actually signed and entered on August 10, 1990, because the same was signed and entered without the presentation of any evidence or the finding of any facts to support or justify it or the allowance of treble damages of $599,235.21, or attorney fees of $5,408.10, or the sum of $604,643.31, and because the judgment was entered without legal justification and contrary to law, and without granting to the defendant an opportunity to be heard, or to

present evidence, or for trial by jury, and in violation of the defendant's right not to be deprived of property without due process under the laws and Constitution of North Carolina, and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Similarly, defendant's single question and argument in his brief attempts to address or assert at least six issues of law, ranging from asserted trial procedure errors to deprivation of due process.

There are other violations. Defendant asserts, for instance, that by reason of settlement of a companion case, plaintiff gave notice in open court on 6 November 1989 of voluntary dismissal of this case, yet this record includes no transcript of the proceedings on that occasion, no minutes of the clerk on that occasion, nor any affidavit of any court official to support this assertion.

The Rules of Appellate Procedure are mandatory, not merely directory. *See State v. Fennell*, 307 N.C. 258, 297 S.E.2d 393 (1982).

For the reasons stated, this appeal must be and is

Dismissed.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the face of the record shows that the judgment appealed from is a nullity and should be vacated for two reasons. First, it shows that more than nine months before the judgment was entered this action came to an end when it was voluntarily dismissed in open court with the approval of the parties and the court alike. *Danielson v. Cummings*, 300 N.C. 175, 265 S.E.2d 161 (1980). Second, the findings of fact do not support the award of treble damages and attorneys' fees.