**NORTHWOOD HOMEOWNERS ASSN. v. TOWN OF CHAPEL HILL**

[112 N.C. App. 630 (1993)]

NORTHWOOD HOMEOWNERS ASSOCIATION, INC., PETITIONER v. TOWN OF CHAPEL HILL AND CHAPEL HILL NORTH LIMITED PARTNERSHIP, RESPONDENTS

No. 9215SC535

(Filed 16 November 1993)

**Appeal and Error § 421 (NCI4th)— failure to follow Rules of Appellate Procedure—appeal dismissed**

Petitioner's appeal is dismissed for violating N.C.R. App. P. Rule 28(b)(4) and Rule 28(b)(5) by intertwining the statement of facts, three questions for review, and all arguments.

**Am Jur 2d, Appeal and Error § 691 et seq.**

Appeal by petitioner from order entered 19 December 1991 by Judge Donald W. Stephens in Orange County Superior Court. Heard in the Court of Appeals 27 April 1993.

*Grainger R. Barrett for petitioner-appellant.*

*Ralph D. Karpinos for respondent-appellee Town of Chapel Hill.*

*Michael B. Brough & Associates, by Michael B. Brough, for respondent-appellee Chapel Hill North Limited Partnership.*

JOHNSON, Judge.

On 22 April 1991, the Chapel Hill Town Council (Council) voted to approve, by a 5-3 vote, a Special Use Permit for development of a forty (40) acre tract of land known as Chapel Hill North. This site is bounded generally by I-40 on the north, N.C. 86 on the west, Weaver Dairy Road on the south, and Perkins Drive on the east. This site is zoned "Mixed Use—Office and Institutional" by respondent Town of Chapel Hill. Petitioner is Northwood Homeowners Association, Inc. of Northwood subdivision which is located directly across N.C. 86 from the proposed Chapel Hill North site.

Petitioner filed a petition for writ of certiorari dated 21 May 1991 with Orange County Superior Court, praying the court to "declare that the Special Use Permit is null and void and of no effect; or, if appropriate, . . . [to] remand the Special Use Permit to Respondent's Town Council for action consistent with the Court's findings." The superior court affirmed the decision of the Council

and dismissed the petition for certiorari. From this order, petitioner appeals to our Court.

In reviewing petitioner's brief presented on this appeal, we note petitioner has failed to meet the requirements of N.C.R. App. P. 28(b). N.C.R. App. P. 28(b) states:

> **Content of Appellant's Brief.** An appellant's brief in any appeal shall contain, under appropriate headings, and in the form prescribed by Rule 28(g) and the Appendixes to these rules, in the following order:
>
> (1) A cover page, followed by a table of contents and table of authorities required by Rule 28(g).
>
> (2) A statement of the questions presented for review.
>
> (3) A concise statement of the procedural history of the case. This shall indicate the nature of the case and summarize the course of proceedings up to the taking of the appeal before the court.
>
> (4) A full and complete statement of the facts. This should be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be.
>
> (5) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.
>
> The body of the argument shall contain citations of the authorities upon which the appellant relies. Evidence or other proceedings material to the question presented may be narrated or quoted in the body of the argument, with appropriate reference to the record on appeal or the transcript of proceedings, or the exhibits.

NORTHWOOD HOMEOWNERS ASSN. v. TOWN OF CHAPEL HILL

[112 N.C. App. 630 (1993)]

(6) A short conclusion stating the precise relief sought.

(7) Identification of counsel by signature, typed name, office address and telephone number.

(8) The proof of service required by Rule 26(d).

(9) The appendix required by Rule 28(d).

"Only those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions." *Sessoms v. Sessoms*, 76 N.C. App. 338, 339, 332 S.E.2d 511, 513 (1985). "The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal." *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984) (citation omitted).

Specifically, petitioner herein has violated N.C.R. App. P. 28(b)(4) and 28(b)(5). Although petitioner presents three questions for review to this Court, petitioner evidently intertwines the statement of the facts, the three questions and all arguments into the body of the brief.

Petitioner has failed to set out a full and complete statement of the facts. This is to be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all of the questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal or exhibits. Petitioner has further failed to set out each argument, containing the contentions of petitioner with respect to each question presented. Finally, petitioner has failed to state each question separately, and has failed to follow each question with a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. *Cf., Fine v. Fine*, 103 N.C. App. 642, 406 S.E.2d 631 (1991).

Therefore, this appeal is dismissed.

Judges ORR and McCRODDEN concur.