CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., Plaintiff v. HARRY DORSEY d/b/a Carolina Communications, Defendant

No. COA04-1182

(Filed 7 June 2005)

**Appeal and Error— appellate rules violations—assignments of error—argument—statement of facts**

An appeal was dismissed for multiple violations of the appellate rules where the appellant did not separate each question presented within the argument, cited insufficient authority, did not number each assignment of error separately, did not adequately refer to the record with each assignment of error, and intertwined the statement of facts with the statement of the case and the argument.

Judge Wynn concurring.

Appeal by defendant from judgment entered 17 March 2004 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 May 2005.

*Vann & Sheridan, L.L.P., by Nan E. Hannah for plaintiff-appellee.*

*Harry Dorsey, pro se, for Harry Dorsey d/b/a Carolina Communications, defendant-appellant.*

JACKSON, Judge.

Consolidated Electrical Distributors, Inc. ("plaintiff") is a supplier of electrical equipment, materials, and supplies. On 5 November 1997, plaintiff entered into a written contract with Harry Dorsey ("defendant"), owner of Carolina Communications and guarantor of an account with plaintiff. The contract allowed plaintiff to maintain an open account for defendant for materials, goods, and supplies. Defendant subsequently failed to pay plaintiff for these materials, goods, and supplies, which totaled thirteen thousand five hundred sixty-two dollars and seventy five cents ($13,562.75). On 24 September 2003, plaintiff sent a written letter to defendant notifying him that the attorney's fees provisions of the contract would be enforced if payment was not received. Defendant did not pay the amount owed to plaintiff and therefore, on 30 October 2003, plaintiff filed a complaint in Superior Court demanding the money in the amount of $13,562.75, plus interest at a rate of one and a half percent from 25 September 2003 until paid in full, and reasonable attorney's fees in the amount of $2,034.41. In the alternative, plaintiff sought judgment under a theory of quantum meruit.

On 16 January 2004, plaintiff filed a motion with the trial court for summary judgment along with an affidavit by David Shannonhouse, the Credit Manager of plaintiff. The hearing for the motion was set for 17 March 2004. On 13 February 2004, Judge Donald W. Stephens entered an order for a mediated settlement conference and set a tentative trial schedule. The mediation order stated that the mediated settlement conference should be completed by 13 June 2004. On 17 March 2004, the hearing on plaintiff's motion for summary judgment was heard before Judge Orlando F. Hudson, Jr. The court subsequently granted summary judgment in favor of plaintiff stating that there was no genuine issue of material fact and ordered defendant to pay plaintiff $13,562.75, plus interest at the contract rate of one and a half percent from 2 May 2003 until judgment and thereafter

at the legal rate of eight percent until paid in full, plus reasonable attorney's fees in the amount of $2,034.41. It is from this order defendant appeals.

Defendant contends the trial court erred by granting summary judgment in favor of plaintiff. Defendant further contends the trial court erred by granting summary judgment prior to the parties scheduling their claim for mediation.

In the instant case, defendant has failed to comply with the North Carolina Rules of Appellate Procedure, therefore, we decline to reach the merits of this case. The "failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citing *Jim Walter v. Gilliam*, 260 N.C. 211, 132 S.E.2d 313 (1963)).

Rule 28(a) of the North Carolina Rules of Appellate Procedure provides that it is the "function of all briefs required or permitted by these rules . . . to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C. R. App. P. 28(a) (2005). It is further required by our rules of appellate procedure that:

> Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned. The body of the argument shall contain citations of the authorities upon which the appellant relies.

N.C. R. App. P. 28(b)(6) (2003). Here, defendant violated Rule 28 when he failed to separate each question presented within the argument section of his brief and failed to reference each assignment of error with numbers and pages where they appear in the record on appeal. N.C. R. App. P. 28(b)(6).

Defendant further failed to support his arguments with "stated or cited authority." N.C. R. App. P. 28(b)(6). While we recognize defendant made one reference to a statute and quoted once a statute pertaining to bonds, we do not find this sufficient citation to authority. A party's assignment of error is deemed abandoned in the absence of citation to supporting authority. *State v. Walters*, 357 N.C. 68, 85, 588

S.E.2d 344, 355 (2003), *cert. denied*, 540 U.S. 971, 124 S.Ct. 442, 157 L. Ed. 2d 320 (2003).

Defendant also failed to provide a "full and complete statement of the facts." N.C. R. App. P. 28(b)(5). This section of his brief "should [have combined] a non-argumentative summary of all material facts underlying the matter in controversy which [were] necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits." *Id.* Defendant's statement of the facts were intertwined with the statement of the case and the argument section. This was insufficient and in violation of Rule 28(b)(5). *Northwoods Homeowners Assn, Inc. v. Town of Chapel Hill*, 112 N.C. App. 630, 632, 436 S.E.2d 282, 283 (1993).

Finally, defendant violated Rule 10(c)(1) of the North Rules of Appellate Procedure by failing to number each assignment of error separately in the record on appeal. While Rule 10(c)(1) states that "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made," the rule also requires that it be made "clear" with "specific record or transcript references." N.C. R. App. P. 10(c)(1) (2003).

Our rules of appellate procedure "must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar v. N.C. Dept. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913)). Accordingly, we dismiss.

Dismissed.

Judge WYNN concurs in result in a separate opinion.

Judge BRYANT concurs.

WYNN, Judge concurring.

While I concur in the result, I write separately to express my displeasure with this strict application of the Rules of Appellate Procedure to this *pro se* appellant. However, in *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005),[1] our Supreme

---

1. "It is not the role of the appellate courts . . . to create an appeal for an appellant. . . . [T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless[.]" *Viar*, 359 N.C. at 402, 610 S.E.2d at 361.

Court admonished this Court to avoid applying Rule 2 of the Rules of Appellate Procedure to grant review where the appellant has violated our Rules of Appellate Procedure—even in instances where a party's Rules violations neither impede comprehension of the issues on appeal nor frustrate the appellate process. Because this Court must follow the dictates of *Viar*, I must concur that Defendant's failure to comply with several Rules of Appellate Procedure mandates the dismissal of this appeal.