LESLIE EATON AND WIFE, DANITA EATON, Plaintiffs v. JERRY CAMPBELL, SR., CHRISTIAN REALTY, INC., KAREN S. CAMPBELL, F & I MORTGAGE & FINANCIAL SERVICES, LLC d/b/a MIRACLE MORTGAGE, FRANK E. BETHEL, JR., ANGELA S. BETHEL, and ANGELA LISCOMB, Defendants

No. COA11-1362

(Filed 15 May 2012)

**Damages and Remedies—appellants' argument unsupported by law—trial court's order affirmed**

The trial court did not err in an actual and constructive fraud, breach of contract, breach of fiduciary duty, unfair and deceptive trade practices, conversion, and conspiracy to commit conversion case by determining that plaintiffs had been damaged in the amount of $40,532.00 and, as a result of defendants' unfair and deceptive acts, awarding treble damages in the amount of $121,596.00 plus interest and attorney fees. Defendants failed to identify what, if any, relevant law was the source of the purported confusion and misinterpretation in the trial court's rulings, and which, if any, law should have been applied in its stead. Defendants' limited and unsupported arguments gave the Court of Appeals no reason to disturb the trial court's judgment.

Appeal by defendants from judgment entered 23 December 2010 by Judge Ronald L. Stephens in Franklin County Superior Court. Heard in the Court of Appeals 23 April 2012.

*T. Allen Gardner, Jr., for plaintiffs–appellees.*

*Jerry Campbell, Sr. and Karen S. Campbell, pro se, for defendants–appellants.*

MARTIN, Chief Judge.

Defendants[1] Jerry Campbell, Sr. and Karen S. Campbell appeal from a judgment awarding treble damages and attorney's fees to plaintiffs Leslie Eaton and Danita Eaton. We affirm.

Plaintiffs brought an action against defendants alleging actual and constructive fraud, breach of contract, breach of fiduciary duty, unfair and deceptive trade practices, conversion, and conspiracy to commit conversion. After hearing the matter without a jury, the trial

---

1. Defendants Frank E. Bethel, Jr., Angela S. Bethel, and Angela Liscomb were dismissed from the action and did not participate in this appeal.

court made numerous findings—none of which are effectively challenged on appeal—and concluded that defendants breached their contract with, and fiduciary duty to, plaintiffs; converted plaintiffs' property to their own; committed actual and constructive fraud against plaintiffs; and committed unfair and deceptive acts against plaintiffs. The court then determined that plaintiffs had been damaged in the amount of $40,532.00 and, as a result of defendants' unfair and deceptive acts, awarded treble damages in the amount of $121,596.00 plus interest and attorney's fees. Defendants appealed.

---

"The function of all briefs required or permitted by [the Appellate R]ules is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C.R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs."). "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358, *supersedeas and disc. review denied*, 360 N.C. 63, 623 S.E.2d 582 (2005); *see also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (per curiam) ("It is not the role of the appellate courts . . . to create an appeal for an appellant."), *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005).

In the present case, although defendants "question[] the law that should have been applied to decide the issues presented herein," defendants fail to identify what, if any, relevant law was the source of the purported "confusion and misinterpretation in the [trial court's] rulings," and which, if any, law should have been applied in its stead. Because defendants' limited and unsupported arguments give us no reason to disturb the trial court's judgment in which its conclusions of law are supported by its findings of fact which are, in turn, supported by the record evidence, *see Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) ("It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."), we affirm.

Affirmed.

Judges BRYANT and McCULLOUGH concur.