TYSON, Judge.
Michael D. Gutowski and Mary Anne Gutowski ("Respondents") purport to appeal from the superior court's order allowing Bank of America, N.A.'s ("Bank of America") foreclosure on their property and the subsequent sale of the property by Trustee Services of Carolina, LLC ("Trustee Services"). Respondents also seek to appeal from orders denying their motion to recuse the trial judge, motion for new trial, and motion for joinder. Subsequent to the filing of the briefs, Respondents filed a motion with this Court and argue the case should be remanded to the superior court because of "new evidence" pertaining to the authenticity of a signature on the lender's affidavit. We deny the motion to remand and dismiss the appeal.
I. Factual Background
Respondents executed a promissory note for $286,000 on 9 November 2006, naming Bank of America as the beneficiary, and secured the debt with a deed of trust on their residence located in Union County. Respondents defaulted on their loan. Bank of America sent a Notice of Intent to Accelerate on 21 March 2011. The last payment Respondents made toward the note was 26 April 2011, which was applied to the February 2011 payment due under the loan.
On 30 January 2012, Bank of America appointed Trustee Services as the substitute trustee under the deed of trust. The Appointment of Substitute Trustee was recorded on 8 February 2012. That same day, Trustee Services filed a notice of hearing of foreclosure with the Union County Clerk of Court. Trustee Services had mailed an unfiled copy of the notice of hearing to Respondents the previous day.
The foreclosure hearing took place on 22 May 2012. The Union County Clerk of Superior Court issued an order allowing the sale of the property. Only Respondent Mary Anne Gutowski filed notice of appeal of order of foreclosure to the Union County Superior Court. The superior court heard the appeal and affirmed the clerk's order. Respondent Mary Anne Gutowski filed a motion to recuse the superior court judge, a motion for new trial, and a motion for joinder of parties on 5 December 2012.
On 12 December 2012, Trustee Services filed a notice of sale of the property, scheduled for 8 January 2013. Respondent Mary Anne Gutowski filed bankruptcy under Chapter 13 on 7 January 2013, and the sale was stayed pending resolution of the bankruptcy action.
The bankruptcy proceedings were voluntarily dismissed on 10 May 2013, the temporary stay was lifted, and the clerk issued an order rendering the file active. Respondents filed a motion to stay the sale of the property pending a hearing on their motions. The superior court issued an order staying the sale on 9 September 2013. The hearing on Respondent Mary Anne Gutowski's motions was scheduled for 16 December 2013.
On 12 December 2013, Respondent Mary Anne Gutowski filed a notice of removal of the action to federal court. The United States District Court for the Western District of North Carolina granted Bank of America's motion to remand the case to state court.
On 10 April 2014, the superior court denied Respondent Mary Anne Gutowski's motion for new trial, motion for joinder, motion to disqualify, and motion to recuse. Respondents appeal from the denial of their motions and from the 26 November 2012 order allowing foreclosure. On 28 April 2015, Respondents filed with this court a Motion to Remand to the superior court because of their discovery of "new evidence".
II. Appellate Rules Violations
Respondents set forth thirteen issues in their brief. Due to the nature and extent of their violations of the Rules of Appellate Procedure, we are unable to engage in a meaningful review and must dismiss Respondents' appeal.
The Rules of Appellate Procedure are mandatory and a failure to follow them may lead to a dismissal of an appeal. Steingress v. Steingress,350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). "As a natural corollary, parties who default under the rules ordinarily forfeit their right to review on the merits." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,362 N.C. 191, 194, 657 S.E.2d 361, 363 (2008) (citation omitted). Default and violations to preclude review usually arise from: "(1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." Id.
Noncompliance with nonjurisdictional requirements of the rules does not warrant sanctions unless it rises to the level of a "gross violation". Id.at 199, 657 S.E.2d at 366. When determining whether noncompliance with the appellate rules rises to a gross violation, the Court considers "whether and to what extent the noncompliance impairs ... review and whether and to what extent review on the merits would frustrate the adversarial process." Id.at 200, 657 S.E.2d at 366-367.
Here, the Respondents' violations are twofold: (1) defects in appellate jurisdiction, because Respondent Michael Gutowski did not appeal the clerk's order to the superior court, he cannot appeal the issue here; and, (2) Respondent Mary Anne Gutowski's violations are nonjurisdictional in nature.
Our ability to review Respondent Mary Anne Gutowski's issues is severely impaired due to her noncompliance with the appellate rules, including: (1) the absence of clearly defined issues, and arguments and authorities to support, in violation of Rule 28(a); (2) the lack of concise statements of the standard of review, in violation of Rule 28(b)(6); and (3) the absence of legal arguments to support Respondents' contentions, in violation of Rule 28(b)(6). N.C. R.App. P. 28.
Conclusory statements and recitations of North Carolina General Statutes do not constitute arguments to support Respondents' claims. See Consolidated Elec. Distribs., Inc. v. Dorsey,170 N.C.App. 684, 686, 613 S.E.2d 518, 520 (2005) ("[D]efendant made one reference to a statute and quoted once a statute ... we do not find this sufficient citation to authority.").
Failure to state legal authority or basis for an issue on appeal constitutes a "gross violation" of the North Carolina Rules of Appellate Procedure. See Dogwood Dev. Mgmt. Co. v. White Oak Transp. Co.,192 N.C.App. 114, 120, 665 S.E.2d 493, 498 (2008) ; State v. Sinnott,163 N.C.App. 268, 273, 593 S.E.2d 439, 442-443 (2004) ; In re Will of Harts,191 N.C.App. 807, 811, 664 S.E.2d 411, 414 (2008).
Failure to cite supporting legal authority impairs this Court's ability to review the merits of the appeal. Hannah v. Nationwide Mut. Fire Ins. Co.,190 N.C.App. 626, 632, 660 S.E.2d 600, 604 (2008) ("As a result of [the] failure to cite any authority ... we have not considered the merits ... because that violation of the rules impaired our ability to review the merits of the appeal.").
This Court strives to avoid dismissal of appeals for insubstantial rules violations. Once this Court determines the violation of the rules rises to a "gross" level, we must consider the appropriate sanction under rule 34(b), and further consider whether invoking Rule 2 to reach the merits is justified. Dogwood,362 N.C. at 201, 657 S.E.2d at 367.
Here, Respondent Mary Anne Gutowski's noncompliance so substantially "impede [s] comprehension of the issues on appeal [and] frustrate[s] the appellate process" that dismissal is appropriate. State v. Hart,361 N.C. 309, 312, 644 S.E.2d 201, 203 (2007). The lack of legally supported arguments impedes our reaching the merits. "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." Eaton v. Campbell,220 N.C.App. 521, 522, 725 S.E.2d 893, 894 (2012) (citation and quotation marks omitted).
Even upon a finding of "gross" noncompliance, this Court may invoke Rule 2 to consider, "in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court." Steingress,350 N.C. at 66, 511 S.E.2d at 299-300 (citation and quotation marks omitted). Because of the failure of one of the Respondents to appeal the clerk's order to the superior court, the lack of articulated arguments and authorities, and the absence of demonstrating how this appeal would "prevent manifest injustice" or "expedite decision in the public interest," we decline to invoke Rule 2 to attempt to review the issues Respondents have raised. N.C. R.App. P. 2.
III. Motion to Remand
Subsequent to the filing of the briefs in this case, Respondents filed a motion to remand to the superior court, on the grounds of their discovery of "new evidence". Respondents have attached to their motion the opinions of two "experts" stating the notarized signature on the lenders affidavit is a forgery. Respondents correctly recognize this Court should not adjudicate new and contested evidence on appeal. Respondents' motion to remand is denied.
IV. Conclusion
This Court is unable to review the merits of Respondents' appeal due to Respondent Michael Gutowski's failure to appeal the clerk of superior court's order to the superior court and Respondent Mary Anne Gutowski's multiple violations and failure to present adequately supported legal arguments under Rule 28 of the Rules of Appellate Procedure. In our discretion, we decline to invoke Rule 2 of the Rules of Appellate Procedure. Respondents' appeal is dismissed. Respondents' motion to remand is denied.
DISMISSED-MOTION TO REMAND DENIED.
Chief Judge McGEE and Judge GEER concur.
Report per Rule 30(e).
Opinion
Appeal by Respondents from orders entered 26 November 2012 and 10 April 2014 by Judge Tanya T. Wallace in Union County Superior Court. Heard in the Court of Appeals 1 June 2015.