HUNTER, JR., ROBERT N., Judge.
Christopher Brownstead ("Defendant") appeals from a 10 July 2014 Order awarding Lisa Brownstead ("Plaintiff") attorney's fees. Defendant contends the trial court's award of attorney's fees to Plaintiff was an abuse of discretion under N.C. Gen.Stat. § 50-13.6. Additionally, Defendant contends the trial court failed to follow the mandate of this Court in holding an evidentiary hearing on 24 March 2014 on the issue of Plaintiff's ability to defray the cost of litigation. After review, we affirm the trial court's order.
I. Factual and Procedural History
Plaintiff and Defendant married 6 October 2001. Three children were born of the marriage: Wil Hayden, born 8 November 2002; Grace, born 25 March 2004; and Nathan, born 24 January 2006. On 10 September 2006, the parties separated. At the time of separation, Defendant worked for Bank of America and Plaintiff worked as a yoga instructor for the YMCA and as a contract employee.
On 3 April 2007, Plaintiff filed a complaint for temporary child support and attorney's fees in Mecklenburg County District Court. On 3 July 2008, Judge Mann entered an Order regarding temporary child support and attorney's fees, which directed Defendant to pay Plaintiff $2,506.00 in monthly child support obligations, effective from the date Plaintiff's complaint was filed. On 19 August 2008, Judge Mann entered a permanent Order regarding child support, which reduced Defendant's monthly child support obligations from $2,506.00 to $2,100.00.
On 19 October 2008, Bank of America terminated Defendant's employment. Consequently, on 13 December 2008, Defendant filed a Motion to Modify Child Support, alleging a change of circumstances. After a brief period of unemployment, Defendant began his own consulting business in late December 2008. As a result, on 11 May 2009, Defendant filed an Amended Motion to Modify Child Support. On 3 November 2009, Defendant filed a Motion to Recuse Judge Mann alleging the "judge is biased and prejudiced against the Defendant." Two days later, Defendant filed a Federal lawsuit against Judge Mann and Plaintiff's attorney, Irene King; the lawsuit was subsequently dismissed.
On 12 January 2010, Judge Hoover entered an Amended Order Regarding Modification of Child Support, reducing Defendant's monthly child support obligations from $2,100.00 to $1,430.00. On 5 March 2010, Judge Hoover entered an Order of Contempt, finding Defendant in willful contempt of the court's 19 August 2009 Order. Then, on 27 July 2010, Judge Hoover entered an Order of Contempt, finding Defendant in willful contempt of the court's 5 March 2010 Order.
Plaintiff filed a Motion for Contempt on 12 May 2011, amended 6 July 2011, alleging Defendant willfully violated the court's 27 July 2010 Order. On 15 July 2011, Judge Hoover entered an Order of Contempt ordering Defendant to pay Plaintiff $4,260.00 in past child support and arrears and comply with future monthly support obligations and arrears. Additionally, the court ordered Defendant to reimburse Plaintiff $352.90 in past attorney's fees and pay $4,294.73 for the attorney's fees Plaintiff incurred filing Plaintiff's 12 May 2011 Motion for Contempt. On 10 October 2011, Plaintiff filed a Motion for Contempt alleging that Defendant willfully violated the Court's 15 July 2011 Order of Contempt.
On 3 November 2011, Defendant filed a Federal lawsuit against Judge Hoover and Plaintiff's attorney, Donald Vicini and, the following day, filed a Motion to Recuse Judge Hoover. Subsequently, Defendant failed to attend a hearing on 8 November 2011 before Judge Hoover. On 28 December 2011, Judge Hoover signed an Order of Arrest, nun pro tuncto the 8 November 2011 hearing date.
On 9 February 2012, Plaintiff filed a verified Motion for Contempt and for attorney fees and expenses (relating back to the 10 October 2011 Motion for Contempt), set to be heard on 13 March 2012. However, prior to the hearing, Judge Hoover recused himself in response to Defendant's 4 November 2011 Motion to Recuse. Thereafter, on 15 June 2012, Plaintiff filed an Amended Motion for Contempt, alleging Defendant violated the court's 15 July 2011 Order. Plaintiff also filed a Motion for Determination of Attorney Fees, requesting fees and expenses incurred in filing the 15 July 2011 Order and for appearing at the 8 November 2011 hearing.
On 12 September 2012, the motions were heard before Judge Paige B. McThenia in Mecklenburg County District Court. On 23 March 2013, the trial court entered an Order of Contempt, ordering Defendant to pay Plaintiff a total of $13,273.00 in past child support and arrears and comply with future support and arrears. Additionally, the court ordered Defendant to pay $15,000.00 to "defray Plaintiff's costs for attorney's fees and expenses incurred in pursuing her Motions for Contempt and appearing at the November 8, 2011 and September 12, 2012 hearings[.]" The trial court found: "Plaintiff is an interested party, acting in good faith, who has insufficient means to defray the cost of litigation or to pay her attorney for his services, which would not have been necessary but for Defendant's wrongful and willful failure to comply with the valid orders of the court."
On 23 April 2013, Defendant appealed the 23 March 2013 Order of Judge McThenia to this Court. In a 4 February 2014 opinion, this Court remanded the matter to the trial court for further findings of fact "concerning Plaintiff's ability to defray the costs of litigation in this child custody case[.]"
On 24 March 2014, a hearing was held before Judge McThenia. The court received into evidence a Form 1040 of Plaintiff's yoga business, Pretty Postures. On the form, Plaintiff reported that in 2012, Pretty Postures received $27,095.00 in gross income and incurred $14,412.00 in expenses, which she listed as: $500.00 for advertising, $5,746.00 for car expenses, $400.00 for insurance, $1,500.00 for office supplies, $622.00 for meals and entertainment, $3,400.00 for yoga education training, $300.00 for a uniform, and $1,944.00 for phone service. Therefore, after subtracting the expenses of the business from its gross income, Plaintiff reported that Pretty Postures obtained a net income of $12,683.00 in 2012.
At the hearing, Plaintiff also testified as to the annual expenses incurred on behalf of herself and her children. Plaintiff estimated the following expenses: $480.00 for children's haircuts, $1,500.00 for children's clothing, $600.00 for children's baseball, $450.00 for children's soccer, $8,000.00 for household groceries, $1,000.00 for children's summer camp, $5,628.00 for car payments, $240.00 for children's doctor, and $504.00 for an exterminator. In total, Plaintiff estimated her expenses in 2012 totaled $18,402.00 ($1,533.50 per month). Plaintiff also testified she married Tyro McCrossan ("McCrossan") on 25 November 2011 and "[h]e pays for [their] mortgage and the house related costs." On cross examination, Plaintiff provided that in 2012, she "possibly" received $20,000.00 in child support from Defendant.
On 10 July 2014, the trial judge entered an Order containing the following pertinent findings of fact:
13. The July 15, 2011 Order was in full force and effect at the time Plaintiff filed the Motion for Contempt.
....
17. Plaintiff's purpose for filing the Motions for Contempt was to get the Defendant to become current on Defendant's child support and arrears payments.
....
20. This Court found and still finds that [h]ad Defendant complied with the Court's July 15, 2011 Order of Contempt, it would not have been necessary for Plaintiff to incur attorney fees and expenses compelling Defendant to comply with the Order.
21. During the original hearing on September 12, 2013, counsel for Plaintiff testified, and submitted into evidence, which was accepted by the Court without objection from Defendant, two separate Affidavits for Attorney Fees and Expenses, and an itemization of the services rendered by him in connection with the filing and prosecution of:
a. Plaintiff's October 10, 2011 Motion for Contempt and appearance at the November 8, 2011 hearing which subsequently led to the Order for Arrest; and
b. The February 9, 2012, verified Motion for Contempt and for attorney fees and expenses, the June 15, 2012, verified Amended Motion for Contempt and for attorney fees and expenses, and a Motion for Determination of Attorney Fees[.]
....
28. Plaintiff is a self-employed yoga instructor.
29. In 2012, when the hearing was first heard on the matter of attorney fees, Plaintiff's 2012 average monthly gross income was $2,257.92.
30. Plaintiff's 2012 average monthly net income was $1,056.00.
Based upon these findings, the trial judge concluded the following as a matter of law:
5. Defendant had and has the ability to comply with the July 15, 2011 Order of the Court, and make all required payments when due. Defendant's actions and inactions constitute a willful, deliberate and intentional refusal to abide by the Order of the Court.
....
7. Plaintiff has incurred attorney's fees and expenses in conjunction with the preparation, filing and pursuing various Motions for Contempt, appearing at several hearings, and corresponding with the pro se defendant, with defendant's past employer, and with the plaintiff. Such fees and expenses would not have been necessary had Defendant properly and timely complied with the terms of the Court's Orders.
8. Plaintiff is an interested party, acting in good faith.
9. Because Defendant's repeated failures to comply with the orders of this court, and Defendant's multiple filings of Motions to Recuse judges, and federal lawsuits against judges and plaintiff's attorneys of Record, the court finds that, on her income and with her expenses, Plaintiff has insufficient means to defray the expense of suit and is unable to employ adequate counsel in order to proceed as a litigant to meet the Defendant as a litigant.
....
14. A reasonable amount of attorney's fees for Defendant to pay to defray Plaintiff's costs for attorney's fees and expenses incurred in pursuing her Motions for Contempt and appearing at the November 8, 2011 and September 12, 2012 hearings is $15,000.00[.]
Based upon the foregoing, the trial judge found Defendant in civil contempt of the 15 July 2011 Order and ordered Defendant to pay Plaintiff's attorney's fees in the amount of $15,000.00. Defendant appeals.
II. Attorney's Fees
Defendant contends the trial court's award of attorney's fees to Plaintiff was an abuse of discretion. We disagree.
A. Standard of Review
N.C. Gen.Stat. § 50-13.6 authorizes the award of attorney fees in an action or proceeding for the custody or support of a minor child. It provides:
[T]he court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.
N.C. Gen.Stat. § 50-13.6 (2013). We have interpreted this provision as requiring a trial court to make specific findings of fact "that the party to whom attorney's fees were awarded was (1) acting in good faith and (2) has insufficient means to defray the expense of the suit." Burr v. Burr,153 N.C.App. 504, 506, 570 S.E.2d 222, 224 (2002) (citation omitted). "Whether these statutory requirements have been met is a question of law, reviewable on appeal." Church v. Decker,No. COA13-771, 2014 WL 2155360, at *3 (N.C.App.2014) (quoting Hudson v. Hudson,299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980) ). "Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." Id.(quoting Doan v. Doan,156 N.C.App. 570, 575, 577 S.E.2d 146, 150 (2003) ).
B. Analysis
Defendant specifically challenges the trial court's conclusion in its 10 July 2014 Order that, "on her income and with her expenses, Plaintiff has insufficient means to defray the expense of suit[.]" Defendant argues that, by not considering Defendant's child support payments or the income of McCrossan, the trial court abused its discretion in awarding Plaintiff attorney's fees.
Child Support Payments
Defendant contends the trial court erred in awarding Plaintiff attorney fees without considering the child support payments received by Plaintiff. In support of this contention, Defendant cites Nolan v. Nolanand Theokas v. Theokas.In Nolan v. Nolan,20 N.C.App. 550, 202 S.E.2d 344 (1974), this Court held the trial court erred in awarding attorney's fees to the defendant on her motion for increased alimony and child support. There, although we found the trial court failed to make sufficient findings on the defendant's ability to defray the expense of suit, we suggested that, under different circumstances, an income calculation that included child support and alimony awards would be proper. Id.at 554, 202 S.E.2d at 347. In Theokas v. Theokas,97 N .C.App. 626, 389 S.E.2d 278(1990), we affirmed the trial court's order which denied the plaintiff's request to modify a separation agreement and awarded attorney fees to the defendant. After comparing the plaintiff's gross income to the defendant's income, which included alimony and support payments, this Court affirmed the trial court's conclusion that: "[d]efendant is without the means to defend this matter on a substantially even basis with [p]laintiff' " Id.at 630, 389 S.E.2d at 280-81.
In the present case, Plaintiff incurred attorney's fees on 11 October 2011, 9 February 2012, and 15 June 2012 by filing contempt motions seeking payment of child support obligations. In its 10 July 2014 Order, the trial court concluded attorney fees "would not have been necessary had Defendant properly and timely complied with the terms of the [c]ourt's Orders." This conclusion of the trial court distinguishes this case from Nolanand Theokas.Here, the award of Plaintiff's attorney's fees was the direct result of Defendant's failure to comply with court-ordered support obligations. Plaintiff testified that in 2012, the relevant year in this case, she "possibly" received $20,000.00 in child support. However, as of 12 September 2012, Defendant still owed Plaintiff $11,773.00 in pastchild support. In this action, we do not find that the trial court was required to consider Defendant's support obligations, the enforcement of which propelled Plaintiff to initiate court action, in calculating Plaintiff's ability to defray the costs of litigation.
Income of New Spouse
Defendant contends the trial court should have considered McCrossan's income in determining whether Plaintiff had insufficient means to defray the cost of litigation. In Respess v. Respess,this Court held "where a party's new spouse shares responsibility for the party's expenses and needs, it is proper for the court to consider income received by the new spouse." Respess v. Respess,--- N.C.App. ----, ----, 754 S.E.2d 691, 707 (2014) (quotation marks, citations, and brackets omitted). In Respess,the issue of whether a party had insufficient means to defray the costs of litigation was not addressed by this Court. There, the opinion only addressed the ability of a party to pay the other party's attorney's fees. Defendant contends the reasoning of Respessshould also apply to a party seeking attorney fees. We are not persuaded.
In Wyatt v. Wyatt,this Court affirmed the trial court's consideration of a spouse's income for the determination of the ability of a party to pay another party's attorney's fees. Wyatt v. Wyatt,35 N.C.App. 650, 242 S.E.2d 180 (1978). In Wyatt,the plaintiff testified to the total monthly expenses for his household, which included himself, his wife, their two children, and his wife's child from a previous marriage. Id.at 651, 242 S.E.2d at 181. In concluding the plaintiff had the ability to pay the defendant's attorney's fees, the trial court in Wyattconsidered the income of the plaintiff's new spouse, who was also the mother of all three children living in the house. Id.at 651-52, 242 S.E.2d at 181. This Court concluded "[u]nder these circumstances,it was proper for the court to consider the substantial income received by a member of that household who shared in the responsibility for its support." Id.at 652, 242 S.E.2d at 181 (emphasis added).
Here, Plaintiff's "household" is not comparable to the "household" discussed in Wyatt.Therefore, McCrossan's payment of the mortgage and "house related costs" is inconsequential, for unlike the plaintiff's spouse in Wyatt,McCrossan is not legally responsible for the children residing in the home. Additionally, the facts of Wyatt,just like Respess,address the trial court's calculation of income for the limited purpose of determining a party's ability to pay court-ordered attorney's fees, not, as we have here, a party's ability to defray the cost of litigation. As this case is distinguishable from Wyattand Respess,we find it was within the discretion of the trial judge to not consider McCrossan's income in calculating Plaintiff's ability to defray the cost of litigation.
Insufficient Evidence
Defendant contends there was insufficient evidence before the trial court to satisfy the statutorily required factor that Plaintiff have insufficient means to defray the expense of the suit.
"A party has insufficient means to defray the expense of the suit when he or she is 'unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit.' " Taylor v. Taylor,343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) (quoting Hudson,299 N.C. at 474, 263 S.E.2d at 725 ). "A trial court's findings concerning the extent of a party's ability to defray the costs of litigation must consist of more than a 'bald statement that a party has insufficient means to defray the expenses of the suit.' " Church,2014 WL 2155360, at *4 (quoting Cameron v. Cameron,94 N.C.App. 168, 172, 380 S.E.2d 121, 124 (1989) ). Here, in its 10 July 2014 Order, the trial court made the following findings: "Plaintiff is a self-employed yoga instructor[,]" "Plaintiff's 2012 average monthly gross income was $2,257.92[,]" and "Plaintiff's 2012 average monthly net income was $1,056.00." The 10 July 2014 Order, thus, contains findings that exceed the bare statutory language and support the conclusion that Plaintiff had insufficient means to defray the expense of a suit.
"The function of all briefs required or permitted by [the Appellate R]ules is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C.R.App. P. 28(a). "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." Eaton v. Campbell,220 N.C.App. 521, 522, 725 S.E.2d 893, 894 (2012) (citations omitted).
In calculating Plaintiff's income, Defendant first contends the trial court should not have consideredPlaintiff's $3,400.00 yoga training expense because it was a non-recurring expense. Defendant next contends the trial court should have consideredDefendant's child support payments of approximately $20,000.00 in the calculation of Plaintiff's disposable income. Defendant's final contention is that the trial court should not have considered Plaintiff's $5,746.00 car expense because mileage is not an out-of-pocket expense.
Defendant fails to identify any support for his conclusion that a non-recurring expense should not be treated as a business expense. In fact, Defendant's first contention, in which he appears to argue an expense is only relevant if it occurs in years beyond 2012, cannot be reconciled with the second contention because Defendant's child support payments, evidenced by the numerous contempt motions, varied from year to year. Finally, Defendant's contention that the trial court should not have considered Plaintiff's $5,746.00 mileage deduction because it was not an out-of-pocket expense is also unsupported by sufficient legal authority. As Defendant offers no legal authority, tax rule, or accounting principle as support for these arguments, we do not find that the trial court improperly calculated Plaintiff's income. Plaintiff's testimony as to her income and expenses and her Form 1040 support the trial court's findings on Plaintiff's 2012 gross and net income. Therefore, we will not "disturb the trial court's judgment in which its conclusions of law are supported by its findings of fact which are, in turn, supported by the record evidence[.]" Eaton,220 N.C.App. at 522, 725 S.E.2d at 894.
III. Evidentiary Hearing
Defendant contends the 4 February 2014 opinion of this Court did not remand the matter to the trial court for a new evidentiary hearing. We disagree.
"Whether on remand for additional findings a trial court receives new evidence or relies on previous evidence submitted is a matter within the discretion of the trial court." Hicks v. Alford,156 N.C.App. 384, 389, 576 S.E.2d 410, 413 (2003) (citation omitted). On 4 February 2014, this Court found the trial court's order did not include sufficient findings of fact on Plaintiff's inability to defray the cost of litigation. Brownstead v. Brownstead,No. COA13-915, 2014 WL 458068 (N.C.App. Feb. 4, 2014). Therefore, we remanded "this matter to the trial court for entry of adequate findings of fact, based on the evidentiary record, concerning Plaintiff's ability to defray the costs of litigation." Idat *3. Defendant contends the phrase "based on the evidentiary record" in the 4 February 2014 opinion must refer to the record from the trial court's 12 September 2012 hearing because it was the only evidentiary record existing at that time. We are not persuaded.
In In re J.P.this Court held:
This Court did not, in its earlier opinion, provide the trial court with explicit instructions concerning the extent to which a new hearing should be held or additional evidence taken on remand.... Instead, we simply instructed the trial court 'to make further findings on these issues.' As a result, the trial court had the right, in the exercise of its sound discretion, to either receive new evidence on remand or to make the required additional factual findings on the basis of the existing record.
In re J.P.,2011 WL 704846, at *4 (N.C.App. March 1, 2011) (quoting Hicks,156 N.C.App. at 389, 576 S.E.2d at 413 ). Here, on 14 March 2014, this Court concluded the following: "we must remand this case to the trial court for further findings of fact[.]" Brownstead,2014 WL 458068 at *4. We find the trial court was not bound by the evidence in the existing record, but had the right to receive new evidence on remand. Therefore, the trial court acted within its discretion in allowing a new hearing to determine Plaintiff's ability to defray the cost of litigation.
IV. Conclusion
Based on the aforementioned principles, we find the trial court did not abuse its discretion in awarding Plaintiff attorney's fees. Additionally, the trial court did not err in in having a new evidentiary hearing on 24 March 2014 on the remanded issue of Plaintiff's ability to defray the cost of litigation. Accordingly, we affirm the trial court's 10 July 2014 order.
AFFIRMED.
Chief Judge McGEE and Judge DIETZ concur.
Report per Rule 30(e).
Opinion
Appeal by Defendant from an order entered 10 July 2014 by Judge Paige B. McThenia in Mecklenburg County District Court. Heard in the Court of Appeals 6 April 2015.